# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH JAMES BROWN,

        Petitioner,                              Case Number: 06-CV-14341

v.                                                 HON. NANCY G. EDMUNDS

KENNETH ROMANOWSKI,

        Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER PERMISSION TO FILE HABEAS CORPUS PETITION, HOLDING PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Kenneth James Brown, presently confined at the Gus Harrison Correctional Facility, in Adrian, Michigan, has filed a *pro se* "protective" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for two counts of first-degree criminal sexual conduct. Petitioner seeks permission to file this habeas petition, which he acknowledges contains unexhausted claims, and have it held in abeyance while he exhausts his state court remedies.

## I.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct, for which he was sentenced to concurrent terms of twelve to twenty years imprisonment. Petitioner filed an appeal of right in the Michigan Court of Appeals, claiming: (i) that the trial court erred in denying his motion to sever his trial from that of his co-defendant and in denying his motion for separate juries; and (ii) that his trial counsel was ineffective in failing to call Petitioner to testify and in failing to obtain and present

expert witness testimony.  The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Brown, No. 250867 (Mich. Ct. App. June 14, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal.  People v. Brown, 474 Mich. 1091 (Mich. March 26, 2006).

Petitioner then filed the pending request for permission to file habeas corpus petition.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1). Petitioner states that he would like to present six claims for relief in a habeas corpus petition, but admits that he has not yet presented these claims in state court.  He wishes to file a habeas corpus petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claims of constitutional violations.  Petitioner asks the Court for permission to file a habeas petition, and asks the Court to stay the petition while he exhausts his state court remedies by filing a motion for relief from judgment in the trial court.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 2005), *citing* Rhines v. Weber, 544 U.S. 269 (2005).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."  Rhines, 544 U.S. at 278.

Petitioner states that his unexhausted claims were not presented in state court because his

appellate attorney was ineffective.  An appellate attorney cannot be expected to raise his own ineffective assistance on appeal.  Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000).  Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals.  In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics.  *See* Rhines, 544 U.S. at 277-78.  Therefore, the Court permits Petitioner to file this protective petition and stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See*  Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order.  *See* id.  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies.  *See* id.; Abela v. Martin, 348 F.3d 164, 170  (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application").  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  Palmer, 276 F.3d at 781 (internal quotation omitted).

3

### III.

Accordingly, it is **ORDERED** that Petitioner's motion to file protective habeas corpus petition and to hold habeas petition in abeyance is **GRANTED**. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: December 5, 2006

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2006, by electronic and/or ordinary mail.

                                                s/Carol A. Hemeyer
                                                Case Manager